IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00372-GCM

| | |
|---|---|
| LINETTE GILLIAM TUCKER, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| THOMAS BROWN, Doctor, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's *pro se* complaint and the motion to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e).[1]

## I. BACKGROUND

Plaintiff has filed a complaint in which she appears to contend that the Defendant incorrectly treated her with a machine following her car accident which led to further injury or discomfort and she is seeking $2,000,000 in damages. (3:15-cv-00372, Doc. No. 1: Compl. at 2, 5).

## II. STANDARD OF REVIEW

Plaintiff has filed a motion to proceed *in forma pauperis* and the Court must therefore examine the complaint to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious or that the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i),(ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to

---

[1] The Court has examined the motion to proceed *in forma pauperis* and finds that he does not have the present resources from which to pay the costs of this action. Therefore his motion will be allowed for the purpose of this initial review.

complaints filed by prisoners . . .").

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). While the pro se complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including those claims that describe "fantastic or delusional scenarios." <u>Neitzke</u>, 490 U.S. at 327. Although a court must accepted factual allegations as true in deciding whether a complaint states a claim for relief, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

### III.    DISCUSSION

Federal courts are courts of limited jurisdiction. After considering Plaintiff's complaint, it appears that the Court could only exercise subject matter jurisdiction over this action if Plaintiff could establish that there was diversity of citizenship, and that the amount in controversy exceeded $75,000, exclusive of any interest or costs. <u>See</u> 28 U.S.C. § 1332. Plaintiff alleges that she is a resident of Charlotte, North Carolina, and that Dr. Brown is a physician that works for the Keith Chiropractic clinic in Charlotte. In the complaint and in her summons, Plaintiff lists Dr. Brown's address as 4016 Triangle Drive in Charlotte. The Court further notes that the website of the Keith Clinic provides that Dr. Brown moved to Charlotte in 1976 and has maintained his practice with Keith Clinic since that time.

Based on the foregoing, it appears that there is a lack of diversity of citizenship and this complaint will be dismissed without prejudice. <u>See</u> <u>Lovern v. Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure.") (citing <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574

(1999)). However, Plaintiff is not precluded from refiling her complaint if she can demonstrate that there is diversity of citizenship.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint is **DISMISSED without prejudice**. (Doc. No. 1).
2. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED.** (Doc. No. 2).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: September 1, 2015

Graham C. Mullen
United States District Judge